## Schellhamer Estate

*Joseph F. Fagan,* for guardian.

*W. F. Farrell,* for Commonwealth.

*Louis G. Feldman* for Paul and Domenick DeVigili.

*Richard Kane,* for Traders Bank & Trust Co. of Hazleton.

BROMINSKI, J., November 1, 1962.—This matter comes before the court in connection with the audit of the first and final account of the Traders Bank & Trust Company of Hazleton, Pennsylvania, guardian of the estate of the above named minor, who became 21 years of age on May 15, 1962. The guardian's account shows a balance of $375.80 for distribution in the estate, less $50 requested as a guardian's commission.

The Commonwealth of Pennsylvania, Department of Public Welfare, has submitted a claim against the said minor's estate in the amount of $158.96 for public assistance payments made by the department for the support of the said minor from June 14, 1956, to March 23, 1957, inclusive. A petition for an allowance of this claim for past support was filed by the Commonwealth to the above term and number on November 13, 1961.

The Commonwealth has moved for its substitution to the rights of Elizabeth Schellhamer, now Mrs. Elizabeth DeVigili, in the balance for distribution in the estate, and that the money due this assistance recipient from the estate, to the extent of its claim and costs, be paid to the Commonwealth as provided by section 5 of the Support Law of June 24, 1937, P. L. 2045, as amended, 62 PS §1975.

The asset in the estate of the said minor consists of the net proceeds of a $1,000 compromise settle-

ment resulting from the aforesaid trespass action filed on behalf of said minor, said settlement being by this court by order dated December 12, 1957. The settlement stems from an accidental injury to the ward on June 14, 1956, resulting from an automobile accident.

The question herein involved is as follows: Is the Commonwealth of Pennsylvania, Department of Public Welfare, entitled to reimbursement from the proceeds of a tort claim when the assistance was granted subsequent to the date of the injury but prior to the date the settlement was effected?

Here the minor was injured on June 14, 1956; assistance was granted from June 14, 1956 to March 23, 1957; and settlement approved by the court on December 12, 1957. The proposition is governed by section 5 of the Support Law of June 24, 1937, P. L. 2045, as amended, 62 PS §1974, which provides as follows:

"(a) The real and personal property of any person shall be liable for the expenses of his support, maintenance, assistance and burial, and for the expenses of the support, maintenance, assistance and burial of the spouse and minor children of such property owner, incurred by any public body or public agency, if such property was owned during the time such expenses were incurred, *or if a right or cause of action existed during the time such expenses were incurred from which the ownership of such property resulted.*" (Italics supplied.)

It is true that prior to the 1951 amendment (Act of September 26, 1951, P. L. 1455) to the act our courts have indicated a right of ownership must have existed at the time the assistance was granted. See Matter of Lucas, 9 D. & C. 2d 584; Bronzo's Estate, 51 Lack. Jur. 129. However, since the 1951 amendment, it appears clear that if a "right or cause of action existed during the time such expenses were incurred from

which the ownership of property resulted," the Commonwealth is entitled to recovery: Lopes Estate, 87 D. & C. 577. As therein stated at page 580:

"It would appear that the amount paid, for which recovery is sought, accrued during the period from the *origin of the right to sue,* to the date of settlement and payment." (Italics supplied.)

Accordingly, the following is ordered and decreed:

And now, to wit, November 1, 1962, it is hereby ordered and decreed that the Pennsylvania Department of Public Welfare is substituted to the rights of Elizabeth Shellhamer, a minor, also known as Patsy Shellhamer, now known as Mrs. Elizabeth DeVigili, in the balance for distribution in the estate of said minor to the extent of its public assistance claim of $158.96, and the Traders Bank & Trust Company of Hazleton, guardian of the estate of the said Elizabeth Shellhamer, also known as Patsy Shellhamer, now known as Mrs. Elizabeth DeVigili, is directed to pay to the said Pennsylvania Department of Public Welfare the sum of $158.96, together with its record costs in these proceedings in the sum of $17.

It is further ordered and decreed that the aforesaid Traders Bank & Trust Company of Hazleton shall pay to Louis G. Feldman, Esq., from the proceeds of distribution in the above-captioned estate the sum of $50 as attorney fee for this phase of the proceedings.